LANE *v.* THE STATE.

No. 7581. APRIL 17, 1930.

*B. J. Fowler,* for plaintiff in error.
*John Y. Roberts, solicitor,* contra.

PER CURIAM. C. B. Lane was tried in the city court of Macon for a misdemeanor by failure to register and pay the special tax required of him by the general tax act approved August 25, 1927 (Ga. L. 1927, p. 63), on an indictment as follows: "The grand jurors, . . in the name and behalf of the citizens of Georgia, charge and accuse and specially present C. B. Lane (Col.), of the county and State aforesaid, with the offense of a misdemeanor; for that the said C. B. Lane (Col.), on the 1st day of June, in the year nineteen hundred and twenty-nine, in the county aforesaid, did then and there unlawfully and with force and arms engage in and carry on the business of operating barber-shop for the year 1929, without first registering with the ordinary, and without pay-

ing the tax as required by law, contrary to the laws of said State, the good order, peace, and dignity thereof." The defendant filed a demurrer as follows: "1. The indictment charges no crime against defendant under the laws of Georgia. 2. Paragraph 22 of the act approved August 25, 1927, known as the general tax act, found in the acts of the General Assembly for the year 1927, page 63, is invalid, because the provision of that act levying this tax is unconstitutional and void, being in violation of the following provisions of the constitution of this State, to wit, art. 7, sec. 2, par. 1 (Civil Code of 1910, § 6553), which is as follows: 'All taxation shall be uniform upon the same class of subjects, and ad valorem on all property subject to be taxed within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws;' art. 1, sec. 1, par. 2 (Civil Code of 1910, § 6358), which declares: 'Protection to person and property is the paramount duty of government, and shall be impartial and complete;' and art. 1, sec. 1, par. 3 (Civil Code of 1910, § 6359), which says: 'No person shall be deprived of life, liberty, or property, except by due process of law.'" The trial court overruled the demurrer, and the defendant excepted. Paragraph 22 of the general tax act of 1927 imposes an occupation tax on barbers, and provides "Upon every barber-shop the sum of $5.00 for each chair in use, except that in cities and towns of less than 5,000 inhabitants the amount shall be $2.50 for each chair in use." Ga. L. 1927, p. 63, par. 22. This case is controlled by the principle ruled in *Wright* v. *Hirsch,* 155 *Ga.* 229 (supra). And see *Abbott* v. *Commissioners of Fulton County,* 160 *Ga.* 657, 661 (129 S. E. 38), and cit.

*Judgment affirmed. All the Justices concur, except*
ATKINSON and HILL, JJ., dissenting. For the reasons stated in the dissenting opinion in *Wright* v. *Hirsch,* supra, we dissent from the opinion of the majority of the court in the present case.